**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDA SEXTON,
Plaintiff-Appellant,

v.                                                                No. 99-2530

KENNETH S. APFEL,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-98-197-2)

Submitted: April 27, 2000

Decided: May 4, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Vernon M. Williams, Erick A. Bowman, WOLFE & FARMER, Nor-
ton, Virginia, for Appellant. John M. Sacchetti, Chief Counsel, Patri-
cia M. Smith, Deputy Chief Counsel, Robert S. Drum, Assistant
Regional Counsel, Office of the General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Philadelphia, Pennsylvania; Robert P.
Crouch, Jr., United States Attorney, Julie C. Dudley, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda Sexton appeals from the denial of Social Security disability benefits. We affirm.

Sexton suffers from anxiety, depression, and severe back and shoulder pain. Based on these conditions, she twice petitioned for disability insurance benefits. Her first petition was denied by an administrative law judge ("ALJ") in 1994. An ALJ denied her second petition in 1997. The district court affirmed the denial of benefits, and this appeal followed.

Sexton contends that the ALJ made two errors. First, she asserts the ALJ was incorrect when he determined that her anxiety and depression were not severe. The record, however, contains substantial evidence supporting the ALJ's conclusion, and we therefore affirm it. See Richardson v. Perales, 402 U.S. 389, 401 (1971).

Sexton's second claim is that the ALJ erred when examining the vocational expert. Specifically, Sexton alleges that the ALJ's hypothetical questions did not take the findings of Dr. Russell McKnight into account, instead relying on findings that predated McKnight's examination. This is incorrect; the ALJ asked the vocational expert questions that encompassed McKnight's conclusions. While the ALJ later determined McKnight's findings deserved little weight, the examination of the vocational expert was thorough.

For these reasons, we affirm the district court's order upholding the denial of disability benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2